# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAMINNIUSE GUYTON, | ) |
| | ) Case No. 18 C 1856 |
| Plaintiff, | ) |
| | ) Judge John Z. Lee |
| v. | ) |
| | ) |
| VICTOR TAYBRON, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daminniuse Guyton filed this action under 42 U.S.C. § 1983 against two correctional officers at Statesville Correctional Center, Victor Taybron and James Porter, for an incident that took place on August 11, 2017. According to Guyton, on that day, he required serious medical attention, but Taybron and Porter acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Taybron and Porter have filed a motion for partial summary judgment. For the reasons discussed below, the motion is granted in part and denied in part.

## Background[1]

At the time of the events, Guyton was an inmate in the Northern Reception and Classification Center ("NRC") at Statesville Correctional Center. Defs.' L.R. 56.1 Statement of Facts ("DSOF") ¶ 1, ECF No. 51. Taybron and Porter both worked at

---

[1] The following facts are undisputed or have been deemed admitted, unless otherwise noted.

NRC; the former was a Correctional Officer and the latter a Correctional Lieutenant. *Id.* ¶¶ 2, 3.

Around supper time on August 11, 2017, Taybron was passing out dinner trays as he walked from cell to cell in the area where Guyton was housed. Pl.'s L.R. 56.1 Statement of Additional Facts ("PSOAF") ¶ 2, ECF No. 57. What happened when Taybron reached Guyton's cell is a matter of dispute. According to Guyton, he told Taybron that he had been constipated for four days and pleaded with Taybron to speak to a Lieutenant about the issue. *Id.* ¶¶ 3, 5. Guyton further alleges that, to get Taybron's attention, he violated facility rules by sticking his hands through the chuckhole, the slot where the dinner trays are passed into the cells. *Id.* ¶ 5. Guyton contends that, upon seeing this, Taybron became irate and repeatedly slammed the metal lid to the chuckhole on Guyton's arm.[2] *Id.* ¶ 6.

It is undisputed that Guyton had surgical pins and rods in that arm from a previous injury, and that Taybron knew that Guyton's arm had been broken in a prior incident. *Id.* ¶¶ 7–8. Guyton states that, as a result of Taybron's actions, the surgical pins broke through his skin, and that he cried in pain as his arm began to bleed and swell. *Id.* ¶ 13.

Not surprisingly, Taybron's account is different. According to him, Guyton stuck his arm in the chuckhole right as Taybron was closing it, creating minimal, incidental contact. Resp. to PSOAF ¶ 11, ECF No. 63. Taybron claims that he did

---

[2] It is undisputed that the metal chuckhole lid can cause serious bodily harm; Taybron once witnessed an incident where an inmate's fingers were almost completely severed when a chuckhole was shut on his hand. PSOAF ¶ 15.

2

not see Guyton sustain any injury from the incident or hear Guyton cry out in pain. *Id.* ¶ 13. He adds that, had Guyton suffered injuries as a result of the incident, Taybron would have "told the med tech to come down, and the sergeant, and the lieutenant." *Id.* ¶ 29.

What is undisputed is that Taybron notified Porter, the supervisor on duty, about the incident soon after it occurred. PSOAF ¶ 19. Guyton alleges that Porter came by his cell shortly thereafter, and that Guyton told him what happened, showed him his injuries, and expressed his need for medical attention. *Id.* ¶ 22. Porter, however, states that he does not recall Guyton or the incident in question. Resp. to PSOAF ¶ 24.

The parties also dispute whether Taybron or Porter in fact contacted the medical staff that night about Guyton and the chuckhole incident—Guyton alleges that they did not, PSOAF ¶ 30, but Taybron testified that he thought that Porter did contact medical staff, Resp. to PSOAF ¶ 30.

In any event, no medical assistance arrived that night, and Guyton alleges that his arm continued to bleed and swell throughout the evening. PSOAF ¶ 31. Guyton ended up receiving medical assistance shortly before noon on the following day. *Id.* ¶¶ 34–35.

Guyton's amended complaint in this case sets for two claims. Count I asserts that Taybron used excessive force by repeatedly slamming the chuckhole lid on Guyton's arm; Count II asserts that Taybron and Porter were deliberately indifferent to Guyton's serious medical needs by failing to provide him with medical attention

3

immediately following the incident. Taybron and Porter move for partial summary judgment as to Count II.[3]

## Legal Standard

Summary judgment is appropriate when the movant shows no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether summary judgment is appropriate, the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013).

## Analysis

**I. The Defendants have waived their argument that Guyton did not have an objectively serious medical condition.**

The Defendants devote substantial portions of their reply memorandum to arguing that Guyton's injury was not as serious as Guyton claims, *see* Reply in Supp. of Summ. J at 5–8, ECF No. 62, and that Guyton's injury was not an "objectively serious" medical condition *even if* the injury was exactly as Guyton alleges, *id.* at 4–5; *see Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) ("[A] claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition.").

---

[3] The Defendants also argue that they were not deliberately indifferent to Guyton's health issues relating to constipation. Mem. in Supp. of Summ. J. at 3–5, ECF No. 50. This argument is moot, however, as Guyton has clarified that is not basing his claim on his constipation. Resp. to Mot. for Summ. J. at 11, ECF No. 56.

4

But Defendants waived these arguments by not raising them in their initial memorandum in support of summary judgment. *See, e.g., Young Chul Kim v. Capital Dental Tech. Lab., Inc.*, 279 F. Supp. 3d 765, 774 n.9 (N.D. Ill. 2017) (stating, in deciding a summary judgment motion, that "[a]rguments not raised until a reply brief are waived"). There, Defendants simply assumed *arguendo* that Guyton's injury was an objectively serious condition. Mem. in Supp. of Summ. J. at 5, ECF No. 50. And while that memorandum remarked in passing that Defendants "dispute the severity of Plaintiff's injuries," *id.*, it elaborated on this remark only through a footnote, *id.* at n.2, which cited exclusively to record documents rather than Defendants' Local Rule 56.1(a)(3) statement of fact. *See, e.g., Olivas v. Berryhill*, No. 17 C 50197, 2018 WL 6604250, at *4 n.6 (N.D. Ill. Dec. 17, 2018) ("[A]rguments made in passing in footnotes are waived." (citing *Long v. Teachers' Retirement Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009))); *Mervyn v. Nelson Westerberg, Inc.*, 76 F. Supp. 3d 715, 720–21 (N.D. Ill. 2014) (denying summary judgment because the movant had violated Local Rule 56.1 by filing briefs that cited directly to the record rather than the parties' Local Rule 56.1 statements and responses).

## II. There is a factual dispute as to whether Taybron or Porter contacted medical staff regarding Guyton's arm injury.

Taybron and Porter also contend that they each contacted NRC medical staff on August 11, 2017, regarding Guyton's arm injury and that, therefore, Guyton cannot show that they were deliberately indifferent to that injury. Mem. in Support of Summ. J. at 5–6; *see Vaught v. Quality Corr. Care, LLC*, 323 F. Supp. 3d 997, 1009 (N.D. Ind. 2018) ("Non-medical prison officials are not deliberately indifferent to a

5

prisoner's serious medical needs when the officials respond readily and promptly to the prisoner's complaints . . . .").

Defendants cite to the record to support this point, but their evidentiary support is lacking. First, to support the argument that Taybron "contacted healthcare staff regarding [Guyton]'s medical complaints," Mem. in Supp. of Summ. J. at 5, Defendants cite the irrelevant fact that Taybron, hours *before* the chuckhole incident, had contacted the healthcare staff regarding a *different* health issue ailing Guyton. *See* DSOF ¶ 10; Defs.' Ex. 3, Taybron Dep. at 35–36, ECF No. 51-3.

Second, to support the notion that Porter contacted the medical staff about Guyton's injury, Defendants cite the portion of Taybron's deposition where he stated that he was "not sure" but that he "thought" that Porter did so. Resp. to PSOAF ¶ 30; Taybron Dep. at 50. Given Porter's testimony that he has no recollection of Guyton or the chuckhole incident, Resp. to PSOAF ¶ 24, Taybron's highly equivocal statement falls short of conclusively proving Defendants' point.

In response, Guyton cites to his own testimony, an affidavit from his cellmate, Davon West, Pl.'s Ex. 1, Affidavit of West, ECF No. 57-1, as well as the fact that Guyton did not see prison medical staff until around sixteen hours after the incident in question. Viewing this record in the light most favorable to Guyton, a reasonable jury could find that Taybron and Porter failed to contact the medical staff following the chuckhole incident.

6

## III. Guyton can survive summary judgment without producing "verifying medical evidence" that the delay in treatment caused him harm.

In addition, Defendants argue that Guyton was required to produce "verifying medical evidence" that the delay in treatment caused him harm. Mem. in Supp. of Summ. J. at 6. To the extent that Guyton alleges that the approximately sixteen-hour delay aggravated his underlying arm injury, the Court agrees that Guyton is required to verify this allegation with medical evidence. *See, e.g.*, *Norwood v. Ghosh*, 723 F. App'x 357, 366 (7th Cir. 2018) ("The mere possibility that delays in treating Norwood's knee contributed to permanent damage falls short of verifying medical evidence that would allow a reasonable jury to find by a preponderance of the evidence that such causation actually occurred."). And, to this point, Guyton's medical report from his August 12, 2017, evaluation does not indicate that the 16-hour delay worsened any injury he suffered as a result of the chuckhole incident. Defs.' Sealed Ex. at 6, ECF No. 53. Nor is there any other evidence in the record as to this issue.

The Court reaches a different conclusion, on the other hand, with respect to Guyton's claim that the delay in care prolonged his serious pain. Because "the prolonged pain, not some decline in [Guyton]'s condition, is the relevant injury," it lacks sense to require Guyton to produce medical evidence to prove that injury. *Tripp v. Diane*, No. 15 C 1728, 2018 WL 5279314, at *4 (N.D. Ill. Oct. 24, 2018); *see Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017) (plaintiff's description of "excruciating pain" from back spasm—sans verifying medical evidence—sufficient to survive summary judgment where defendants' actions delayed treatment for approximately

one and a half hours); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (plaintiff's "claims that the denial of doctor-prescribed medicine led to agonizing and extreme pain" sufficient to survive summary judgment).

That is, "[t]he Court fails to see why 'verifying medical evidence' is necessary to prove that plaintiff was in pain." *Tripp*, 2018 WL 5279314, at *4. Guyton has alleged that he experienced serious pain as a result of the chuckhole incident—which purportedly left his arm bloodied, swollen, and with a surgical pin sticking out of his wrist—and has supported this allegation with, *inter alia*, his deposition and an affidavit from a witness. "[A] trial, not summary judgment, is the way to determine [whether Guyton] is telling the truth." *Owens v. Chicago Bd. of Educ.*, 867 F.3d 814, 816 (7th Cir. 2017).

Accordingly, the Court grants Defendants' motion for partial summary judgment to the extent that Guyton is seeking damages for the aggravation of the injury that he sustained as a result of the chuckhole incident, but denies it to the extent that Guyton is seeking to be recompensed for the resulting pain that he suffered during the delay.

## Conclusion

For the foregoing reasons, Defendants' motion for partial summary judgment is granted in part and denied in part.

**IT IS SO ORDERED.**  ENTERED: 3/3/20

*[signature: John Z. Lee]*

**John Z. Lee**
**United States District Judge**

8